UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Reinaldo Colon,<br><br>         Plaintiff,<br><br>v.<br><br>Army & Air Force Exchange Service; and Equifax Information Services, LLC,<br><br><br>         Defendants. | Case No.: 5:25-cv-719<br><br>**COMPLAINT** |

## I.  INTRODUCTION

1.  This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2.  At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3.  Defendant, Army & Air Force Exchange Service, (hereinafter "AAFES") exist and operates under the laws of the State of Texas and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

4.  At all times pertinent hereto, AAFES was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Texas.

6. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Texas.

7. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

8. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

9. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

10. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as Defendants do business in Texas.

### IV.     FACTUAL ALLEGATIONS

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants AAFES and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

13. Equifax is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

14. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

15. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

16. In January 2025 Plaintiff discovered his Military Star account issued by AAFES, account number ending 0826 (the "Account") being reported in error – specifically the Account is reporting with a balance past due after the Account was paid in full.

17. Despite receiving the full benefit of settlement and payoff of the Account, Defendant AAFES continues to erroneously report the Account with a derogatory status and balance past due.

18. The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

19. The reporting of the Account overstates the number of delinquent Account on Plaintiff's credit report, and it overstates the amount of outstanding debt in Plaintiff's name.

20. The inaccurate Account has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

## PLAINTIFF'S WRITTEN DISPUTE

21. In January 2025, Plaintiff sent a written dispute to Equifax (the "Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

22. Despite the clarity and detail provided in the Dispute, the Account, with a past due balance continued to appear on Plaintiff's Equifax consumer report.

23. Upon information and belief, Equifax forwarded Plaintiff's Written Dispute to Defendant AAFES.

24. Upon information and belief, AAFES received notification of Plaintiff's Written Dispute from Equifax.

25. AAFES did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

26. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

27. Upon information and belief, AAFES failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer report.

28. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Dispute.

29. At no point after receiving the Dispute did AAFES and/or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

30. Equifax relied on its own judgment and the information provided to it by AAFES rather than grant credence to the information provided by Plaintiff.

31. Equifax published the false and misleading information regarding the Account to third parties.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

32. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

33. After receiving the Dispute, Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

34. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

35. As a result of this conduct, action and inaction of Equifax Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

37. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

38. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

39. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40. After receiving the Dispute, Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

41. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

42. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – AAFES

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

46. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47. After receiving the Dispute, AAFES failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

48. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant AAFES's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant AAFES's representations to consumer credit reporting agencies, among other unlawful conduct.

49. As a result of this conduct, action, and inaction of Defendant AAFES, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. Defendant AAFES's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51. In the alternative, Defendant AAFES was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorney's fees from Defendant AAFES pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:     June 25, 2025

Respectfully submitted May 21, 2025

/s/ Joseph Panvini
Joseph Panvini, Esq.
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Joseph.Panvini@mccarthylawyer.com
Attorney for Plaintiff